KENNETH RALPH SANDERS, Plaintiff-Employee v. BROYHILL FURNITURE INDUS-
TRIES, Defendant-Employer, and SELF-INSURED (Trigon Administrators,
Administering Agent), Defendant-Carrier

No. COA95-1416

(Filed 3 December 1996)

**Workers' Compensation § 414 (NCI4th)— review of deputy
commissioner by full Commission—credibility of plain-
tiff—cold record—findings required of Commission**

An Industrial Commission award was reversed and remanded
for consideration of the Deputy Commissioner's findings of cred-
ibility where plaintiff had claimed a back injury, the deputy com-
missioner found plaintiff not credible and denied his claim, and
the full Commission reversed the deputy commissioner and
awarded plaintiff temporary total benefits. Prior to reversing the
deputy commissioner's credibility findings on review of a cold
record, the full Commission must demonstrate in its opinion that
it considered the applicability of the general rule which encour-
ages deference to the hearing officer who is the best judge of
credibility. This holding is limited strictly to situations where the
full Commission reviews the evidence on a cold record; clearly,
the full Commission may make credibility findings without
regard to any findings of credibility made by the deputy commis-
sioner if witnesses appear before it. Here the majority of the full
Commission relied solely on plaintiff's testimony without men-
tion of plaintiff's credibility or its reasons for reversing the
deputy commission's finding and this was a manifest abuse of
discretion.

**Am Jur 2d, Workers' Compensation §§ 691, 692.**

Appeal by defendant-employer from opinion and award entered
21 September 1995 by the North Carolina Industrial Commission.
Heard in the Court of Appeals 24 September 1996.

*Beach Law Office, by N. Douglas Beach, Jr., for plaintiff-
appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Linda
Hinson Ambrose and Erica B. Lewis, for defendant-appellant.*

LEWIS, Judge.

On 16 November 1992, plaintiff filed a request for hearing with the Industrial Commission seeking compensation for injuries allegedly arising from a work-related accident occurring on 17 December 1991. After hearing, Deputy Commissioner Dillard found plaintiff not credible and denied his claim. The full Commission, with Commissioner Sellers dissenting, reversed the Deputy Commissioner and awarded plaintiff temporary total benefits. Defendant-employer appeals.

At the hearing before the Deputy Commissioner on 23 February 1994, plaintiff testified that he had worked for defendant Broyhill Furniture Industries ("Broyhill") for about thirty-two years. He testified that in December 1991, he hurt his back while pulling a truck loaded with stock. He explained that one of the standards which holds the stock on the truck broke, causing him to fall. Plaintiff testified that he worked the rest of the day and recalled telling Dwight Davis, his job supervisor, that he had hurt his back. Mr. Sanders testified that he could barely walk when he got home that evening, but returned to work the next day and worked a full day. However, Mr. Sanders testified that he was helped a great deal by his co-worker, Morris Parsons. Mr. Sanders worked the rest of that week until Christmas vacation. He worked only two days after Christmas and was not able to return to work thereafter.

Mr. Parsons, plaintiff's co-worker, testified that he helped Mr. Sanders on the job during December 1991 but Mr. Sanders never told him that he needed the help because he had injured his back at work. Dwight Davis, plaintiff's supervisor at Broyhill, testified that plaintiff never reported to him that he had suffered an injury at work. He further testified that after plaintiff was out of work for several weeks, he tried to contact him to find out how he was doing. Mr. Davis stated that he was told plaintiff was out of work because he was sick.

Reba Cobb, an insurance clerk for Broyhill, testified that Mr. Sanders did not report an injury to her in December 1991. She further testified that she received an out-of-work slip from plaintiff's doctor dated 1 January 1992 explaining that plaintiff was not able to work because of hip pain. Therefore, she testified that it was her understanding that the reason Mr. Sanders was out of work in January 1992 was due to arthritis in his hip. She testified that although she was in close contact with plaintiff and his wife, neither of them told her about an accident at work. The first time she was notified that

plaintiff alleged to have suffered a work-related accident was in September 1992.

Plaintiff's medical records, which were stipulated into evidence, contain contradictory accounts of how plaintiff received his injury.

Defendant-employer first argues on appeal that the Industrial Commission erred in finding and concluding that plaintiff suffered a compensable injury by accident on 17 December 1991. Defendant-employer contends that it was error for the Commission to rely solely on plaintiff's testimony, which is not credible. Broyhill maintains that the full Commission should have upheld the finding of the Deputy Commissioner that plaintiff was not credible because only the Deputy Commissioner could observe personally the witnesses.

N.C. Gen. Stat. section 97-85 empowers the full Commission, after application, to review an award of a deputy commissioner and "if good ground be shown therefor, [to] reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award." N.C. Gen. Stat. § 97-85 (1991). These powers are "plenary powers to be exercised in the sound discretion of the Commission" and should not be reviewed on appeal absent a manifest abuse of discretion. *Lynch v. Construction Company,* 41 N.C. App. 127, 130, 254 S.E.2d 236, 238, *disc. review denied,* 298 N.C. 298, 259 S.E.2d 914 (1979).

Ordinarily, the full Commission is the sole judge of the credibility of witnesses. *See Watkins v. City of Asheville,* 99 N.C. App. 302, 303, 392 S.E.2d 754, 756, *disc. rev. denied,* 327 N.C. 488, 397 S.E.2d 238 (1990). However, in cases where the full Commission does not conduct a hearing and reviews a cold record, this Court has recognized the general rule that "the hearing officer is the best judge of the credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject." *Pollard v. Krispy Waffle,* 63 N.C. App. 354, 357, 304 S.E.2d 762, 764 (1983).

In *Pollard,* this Court held that the full Commission "has the power to review determinations made by deputy commissioners on the credibility of witnesses" under G.S. § 97-85. *Id.* We leave this holding undisturbed. However, we believe that when the Commission reviews a deputy commissioner's credibility determination on a cold record and reverses it without considering that the hearing officer may have been in a better position to make such an observation, it

has committed a manifest abuse of its discretion. Accordingly, we hold that prior to reversing the deputy commissioner's credibility findings on review of a cold record, the full Commission must, as it did in *Pollard*, demonstrate in its opinion that it considered the applicability of the general rule which encourages deference to the hearing officer who is the best judge of credibility.

In so holding, we are aware that no specific findings are required to be made by the Commission before it decides whether or not to hear new evidence under G.S. § 97-85. *See Chisholm v. Diamond Condominium Constr. Co.*, 83 N.C. App. 14, 20, 348 S.E.2d 596, 600 (1986), *disc. rev. denied*, 319 N.C. 103, 353 S.E.2d 106 (1987). However, we have determined that matters of credibility require a different approach. While the Commission is entitled to overrule the deputy commissioner's ruling on credibility, its determination cannot be made lightly when the deputy commissioner is the only person who has observed the witnesses. Credibility can be decisive in deciding a party's success or failure. Our holding today recognizes this fact and reinforces the widely-held belief that credibility is best judged by those who are present when the record is made.

In civil and criminal trials, trial judges are considered to be the best judge of credibility since they are present to observe the witnesses. *See, e.g., State v. Sessoms*, 119 N.C. App. 1, 6, 458 S.E.2d 200, 203 (1995), *aff'd per curiam*, 342 N.C. 892, 467 S.E.2d 243, *cert. denied*, —— U.S. ——, 136 L.Ed. 2d 129 (1996); *Repair Co. v. Morris & Assoc.*, 2 N.C. App. 72, 75, 162 S.E.2d 611, 613-14 (1968). In *Sessoms*, we offered the following explanation for this deference:

> We can only read the record and, of course, the written word must stand on its own. But the trial judge is present for the full sensual effect of the spoken word, with the nuances of meaning revealed in pitch, mimicry and gestures, appearances and postures, shrillness and stridency, calmness and composure, all of which add to or detract from the force of spoken words.

*Sessoms*, 119 N.C. App. at 6, 458 S.E.2d at 203. This reasoning is equally true in the context of Industrial Commission hearings.

In her dissent, Commissioner Sellers voiced concern over the full Commission's treatment of the credibility issue, expressing her opinion that "Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of a deputy, who was actually present to observe the witnesses who testi-

SANDERS v. BROYHILL FURNITURE INDUSTRIES

[124 N.C. App. 637 (1996)]

fied under oath, with the opinion of a Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel." We agree.

We stress that our holding is limited strictly to situations where the full Commission reviews the evidence on a cold record. Clearly, if the witnesses appear before the full Commission, it may make credibility findings without regard to any findings of credibility made by the deputy commissioner. Neither do we lessen the Commission's discretion in determining whether to uphold the deputy commissioner's credibility findings. The Commission is free to reach an opposite conclusion. What we require today is documentation that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one. In doing so, we encourage the full Commission to include findings showing why the deputy commissioner's credibility determination should be rejected.

In the present case, the Deputy Commissioner made the following finding: "Plaintiff's testimony regarding the alleged accident is not credible. Plaintiff did not sustain an injury by accident within the course of his employment." The majority of the full Commission, without mention of plaintiff's credibility or its reasons for reversing the deputy commissioner's finding, relied solely on plaintiff's testimony to find that he had suffered an injury by accident within the scope of his employment. For the reasons stated above, we hold that this is a manifest abuse of the Commission's discretion.

We therefore reverse the Industrial Commission's award and remand this case to the Industrial Commission for consideration of the Deputy Commissioner's findings of credibility.

Reversed and remanded.

Judges WALKER and MARTIN, MARK D. concur.