Plaintiff alleges that he injured his mid-back on July 1, 1992 while lifting guardrails overhead to a co-worker, and that he informed three supervisors of the event that morning. There is very considerable evidence to the contrary. When he first sought treatment in August from Dr. Derian, and during two subsequent evaluations by other physicians, all three of whom apparently took careful histories for the purpose of reaching a diagnosis, each failed to record an account of such an injury. See Depo. of Dr. Derian, pps. 6 27; Depo. of Dr. Vanden Bosch, p. 22 and Depo. of Dr. Appert, pps. 6-7. The testimony of supervisory personnel from the plant directly contradicted plaintiff's testimony concerning a contemporaneous report of injury. See Tr. pps. 83-86 91-92. However, the medical records and the doctors who made them do not exclude the possibility that the accident occurred as plaintiff alleges, and in fact, based largely on timing, doctors testified that such an event could have been the cause of his back complaints. See Depo. of Dr. Derian, pps. 14 26; Depo. of Dr. Vanden Bosch, p. 14. Plaintiff produced a co-worker at the hearing that recalled handling guardrails with him, after which the plaintiff complained of his back hurting, as he did "about every day that I worked with him". Tr. pps. 9 16. There is nothing in the Deputy Commissioner's opinion to suggest that he did not know or understand any of the material facts bearing on this issue. Consequently, in light of the deference due the hearing Deputy's credibility determinations, we affirm the award for disability resulting from back pain. Sanders v. Broyhill FurnitureIndustries, ___ N.C. ___, 478 S.E.2d 223 (Filed 3 December 1996).
However, the award of ongoing temporary total disability benefits through the date of the hearing is reversed because the greater weight of the medical evidence will not support a causal connection between the incident on July 1992 and the carpal tunnel syndrome that was the sole cause of plaintiff's disability after January 14, 1993. Dr. Derian found that the plaintiff was disabled due to his cervical and thoracic discomfort on November 30 and December 21, 1992, and that he was not totally disabled from any cause when he next saw the plaintiff on May 17, 1993, although active carpal tunnel syndrome on the latter date would permit only "limited use of his arm". Dr. Derian deferred to other medical observations concerning plaintiff's condition between these last two appointments. He felt that the period of disability might properly be extended until further evaluation of plaintiff's spine condition by Dr. Bronec, who saw him on January 14, 1993. He felt that degenerative problems there might be causing symptoms in plaintiff's arm, as well as the more localized back discomfort. Depo. of Dr. Derian, pps. 17-18 p. 36. When evaluated by the hand surgeon, Dr. Appert on August 2, 1993, tests showed that plaintiff's problems originated at the wrist, and what back discomfort that remained was referred from that area up the median nerve to the back. Depo. of Dr. Appert, pps. 9, 13-14. On November 30, 1992, plaintiff specifically denied to Dr. Derian having any shoulder, hand or arm injury. Depo. of Dr. Derian, p. 29. There is no convincing evidence, lay or medical, that plaintiff's employment caused, or exacerbated (aggravated), or contributed to the development of plaintiff's carpal tunnel syndrome.
But for the carpal tunnel condition, plaintiff could have returned to work for the defendant and performed the essential duty of that position, i.e., taking inventory. See Tr. pps. 27 
86. There is no suggestion that this was not a usual and necessary task for his employer's business, and particularly in light of the federal American's With Disabilities Act, which became effective for his employer on July 26, 1992, the greater weight of the evidence supports a finding that he regained his pre-injury wage earning capacity as of that date.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or rehear the parties or their representatives, the Full Commission AFFIRMS in part and REVERSES in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. On December 11, 1988 and July 1, 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date(s) the employer-employee relationship existed between the parties.
3. As of December 11, 1988, Cigna provided the coverage to the employer as provided under said Act.
4. A North Carolina Industrial Commission Form 21 settlement Agreement approved December 11, 1990 appears in the Commission file.
5. As of July 1, 1992, the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
6. The plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on December 11, 1988.
7. An alleged injury giving rise to the plaintiff's claim occurred on July 1, 1992.
8. On said date(s), the plaintiff respectively was earning an average weekly wage of $602.00 and $677.66.
9. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on July 1, 1992? or,
 b. Did the plaintiff suffer a change of condition on July 1, 1992 with respect to the injury occurring on December 11, 1988 and,
 c. Is the plaintiff entitled to be paid further compensation by the defendants?
At the hearing before the Deputy Commissioner on September 23, 1993, the defendant pled the defense of laches under97-22 of the Act.
Subsequent to the hearing on September 23, 1993, the parties entered the following documentation into the record by stipulation:
1. Deposition of Dr. Gerald Vanden Bosch dated October 7, 1993.
2. Deposition of Dr. T. Craig Derian dated November 8, 1993.
3. Deposition of Robert A. Appert, M.D. dated December 22, 1993.
****************
Based upon all the evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. On July 1, 1992, the plaintiff, approximately 38 years of age and who had been working for the defendant since about 1979, was employed by the defendant-employer doing light work such as taking inventory and feeding TMA into extruder machines.
2. On December 11, 1988, while working for the defendant, the plaintiff suffered a compensable injury to his back for which he received medical care and treatment, including two surgical laminectomies and a fusion procedure to his lower back around May of 1991, and for which he has been paid by the defendant Cigna temporary total disability compensation benefits, and permanent partial disability compensation benefits in respect to a 35 percent disability of his back, totaling $37,380.00, pursuant to a Form 26 agreement which was approved by the Commission on July 30, 1992. Documentation furnished by defendant May 4, 1995, indicates payment of permanent partial disability benefits in the amount of $37,380.00 on August 24, 1992.
3. After recuperating from the injury of December 11, 1988, the plaintiff returned to medically restricted or light work with the defendant in January of 1992.
4. On July 1, 1992, while assigned to the light duty work for the defendant, the plaintiff was helping fellow employees to clean up guardrails. While he and a fellow employee were in the process of lifting a rail weighing approximately 65 pounds overhead to another employee, he felt a sharp burning sensation and pain in his upper back about heart level.
5. The plaintiff reported this incident to his supervisors on the day of the incident, but continued to perform the limited duties of his light and restricted work until November 24, 1992, when he was medically taken out of work.
6. During the January — November 1992 period that the plaintiff performed light work for the defendant, he was medically followed with respect to the low back injury which he suffered December 11, 1988, and has been medically cared for and treated at all times relevant to this matter.
7. Although the plaintiff continued to work at light work for the defendant after July 1, 1992, he developed pain in his back and neck as a result of which he was medically removed from work on November 24, 1992, in addition to the low back pain from which he suffered from time to time as a result of the injury he sustained December 11, 1988.
8. The plaintiff suffered from aggravation of his degenerative disk condition at S7-T1 as a result of the incident occurring on July 1, 1992, and from carpal tunnel syndrome of his right hand which may, in the future, require reduction surgery for the carpal tunnel syndrome of his right hand. There is no convincing evidence that plaintiff's carpal tunnel syndrome is related to causes or conditions arising out of his employment with the defendant.
9. The plaintiff's condition with respect to his lower back has not worsened subsequent to his return to light work for the defendant in January of 1992, and the plaintiff, therefore, has not experienced a change in condition with respect to said lower back condition.
10. On July 1, 1992, the plaintiff sustained an injury by accident to his cervical spine in the nature of a specific traumatic incident arising out of and in the course of his employment with the defendant-employer.
11. The plaintiff returned to light duty work for the defendant in January, 1992, and reached maximum medical improvement with respect to his lower back condition by February 27, 1992.
12. The plaintiff sustained a 35 percent permanent partial disability of the back with respect to the lower back injury of December 11, 1988. Plaintiff suffered no permanent partial disability as a result of the injury of July 1, 1992.
13. As a result of the injury which he sustained on July 1, 1992, the plaintiff lost time from work from November 24, 1992, when he was medically removed from work, through January 14, 1993. Any disability after January 14, 1993 was due to the non-work-related carpal tunnel syndrome, but for which plaintiff could have returned to his former employment.
14. The plaintiff was earning an average weekly wage of $677.66 on July 1, 1992.
****************
Based upon the foregoing findings of fact the Full Commission enters the following
CONCLUSIONS OF LAW
1. On July 1, 1992, the plaintiff sustained an injury by accident to his upper spine in the nature of a specific traumatic incident, arising out of and in the course of his employment with the defendant. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff is entitled to temporary total disability compensation benefits from the defendant-employer and its self-insurance administrator on July 1, 1992, Gallagher-Bassett, from November 24, 1992 through January 14, 1993. N.C. Gen. Stat. § 97-29.
3. The plaintiff is entitled to medical compensation which may tend to give relief, effect a cure, or shorten the period of disability with respect to the July 1, 1992 injury from the defendant-employer and Gallagher-Bassett. N.C. Gen. Stat. §§97-25; 97-2(19).
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendant-employer and Gallagher-Bassett shall pay to the plaintiff temporary total disability compensation benefits for the period from November 24, 1992 through January 14, 1993 at the rate of $390.00 per week, in a lump sum, subject the attorney's fee hereinafter approved.
2. The defendant-employer and Cigna shall pay all medical compensation expenses resulting from said lower back injury of December 11, 1988, and the employer and Gallagher-Bassett shall pay all past, present, and future medical compensation expenses resulting from the upper spine injury of July 1, 1992, when the same have been presented to the defendants and approved in accordance with the rules of the Commission.
3. An attorney's fee of 25% of the compensation herein awarded is approved for plaintiff's attorney, and shall be deducted and paid directly to said attorney in one lump sum.
4. The defendant shall pay the costs due this Commission.
 S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________________ MARY HOAG DEPUTY COMMISSIONER
JRW:md
12/18/96; 2/10/97