I respectfully dissent from the majority decision to reverse Deputy Commissioner John Hedrick's Opinion and Award in the instant matter on the grounds that plaintiff has clearly not met his burden of proving that his heart attack was work-related.
Plaintiff claims, and the majority agrees, that plaintiff's heart attack was caused by "unusual work-related events which were outside the normal practice of law." The majority reversed the Deputy Commissioner and found that these events constituted an injury by accident arising out of and in the course of plaintiff's employment and was a direct and proximate cause of plaintiff's cardiac problems.
Plaintiff has a long history of several significant risk factors for coronary artery disease and heart attacks, including a positive family history of heart disease, a prior heart attack, peripheral vascular disease, calf claudication, elevated lipids, hyperglycemia since 1978, chest pains since May 1986, cardiac arrhythmia on 18 September 1987 and poorly controlled diabetes mellitus. Plaintiff also contributed to his health problems by smoking, eating salted and fried foods, drinking caffeine and not following doctor's orders or attending appointments to monitor his condition. In fact, at least one doctor dismissed plaintiff as a patient for such behavior. Moreover, neither of the medical experts that testified in this matter could say that plaintiff's work contributed to his heart attack. Rather, there is not any scientific, objective evidence that plaintiff's heart attack was caused by work-related stress. Plaintiff had numerous non-work related stressors in addition to his poor physical condition, such as two marital separations, which could have caused his heart attack. Due to plaintiff's level of coronary occlusion at the time of his hospitalization, he was at risk of having a heart attack at any time and under any circumstances. Plaintiff had several non-occupational stressors in his life. Due to the extent of his pre-existing coronary artery disease, plaintiff could have had a heart attack whether under stress or at rest. Plaintiff's heart attack on or about 12 July 1993 was the result of severe pre-existing coronary artery disease which was not caused or contributed to by his employment.
Additionally, it is implicit in Deputy Commissioner Hedrick's Findings of Fact that the Deputy Commissioner found plaintiff not to be credible. Based upon the Sanders case, the Full Commission may reverse such credibility findings only when findings are set forth showing why the deputy commissioner's credibility determination should be rejected. Sanders v. Broyhill FurnitureIndustries, 124 N.C. App. 637, 478 S.E.2d 223 (1996). The majority opinion fails to provide any basis for rejecting the credibility findings of Deputy Commissioner Hedrick in this matter. In fact, a review of the record gives more than ample support for the Deputy Commissioner's decision to not find plaintiff credible.
Further, it should be noted that despite three firm staff members leaving, the evidence shows that plaintiff's work load did not, in fact, increase significantly if at all. Plaintiff did not assume any of the responsibilities of the associate that left the firm, a paralegal was hired to replace the paralegal that quit and a total of five staff members were hired, resulting in a larger staff than before the departures.
Finally, plaintiff did nothing out of the ordinary at work on the day of his heart attack. He arrived at his normal time around 9 a.m., performed his usual tasks which did not produce unusual stress or require exceptional exertion and went to lunch at noon. Plaintiff did not do anything outside of normal routine. When plaintiff returned from lunch he was taken for medical attention. A heart catheterization showed 3 vessels with severe coronary artery disease and 80% blockage and an emergency quadruple bypass was performed.
There is no evidence that plaintiff's work caused or contributed to his heart attack. Rather, as the Deputy Commissioner held after reviewing all the evidence, including the medical evidence and personally hearing the testimony of all the witnesses, "(p)laintiff's heart attack . . . on or about 12 July 1993 was the result of severe pre-existing coronary artery disease which was not caused or contributed to by his employment." For the foregoing reasons, I respectfully dissent.
This is the 19th of August 1997.
 S/ ____________ DIANNE C. SELLERS COMMISSIONER