The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping and the material submitted to the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, with the exception of minor modifications.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, who is in his early thirties, has been employed by Bessimer Tire and Auto doing light mechanic work since February of 1996; but intermittently worked for defendant-employer as a tire changer from 1980 until voluntarily resigning from its employ in September of 1995. As a tire changer he was responsible for operating a service truck and changing tires on both passenger cars, trucks, and tractor trailers.
2. Plaintiff not only contends that he slipped and injured his back on May 27, 1994 in the course of picking up a sixteen inch pickup truck tire to put it on a tire changer; but that he also orally notified the premises owner of his injury on the same date. Plaintiff's testimony and other evidence, which, if believed, would tend to establish that he sustained a compensable back injury on May 27, 1994 and timely advised defendant-employer thereof is not accepted as credible based on plaintiff's demeanor at hearing and the following facts.
3. In June of 1995, defendant-employer began receiving bills from Wesley Long Hospital. Upon contacting Wesley Long Hospital about those bills, defendant-employer was advised that plaintiff was seen at the emergency room there on May 27, 1994 claiming to have injured his back picking up a truck tire at work. Subsequently, when defendant-employer specifically questioned plaintiff about the hospital bill plaintiff said he did not hurt his back at work, but rather had injured it at home putting an engine in his car and would pay the bill himself. On several occasions after defendant-employer continued to get bills from Wesley Long Hospital, defendant-employer again spoke with plaintiff about the situation and he again indicated that he would pay the hospital bills himself.
4. Within three days of his alleged injury plaintiff returned to work for defendant-employer and was able to continue regularly working until allegedly re-injuring his back in August of that year changing a tire at North Carolina A T University. Subsequent to this injury, plaintiff was seen at the emergency room of Wesley Long Hospital. Plaintiff has never filed a claim for that injury.
5. Despite allegedly re-injuring his back, plaintiff was able to continue regularly working for defendant-employer and did not seek any further medical treatment because of back problems until he was seen on February 14, 1995 at Guilford Orthopedic and Sports Medicine by Dr. Dalldorf. At that time, plaintiff related a history of having begun to experience low back pain five to six months earlier changing a tire. This history is inconsistent with the alleged back injury giving rise hereto more than eight months earlier in May of 1994 and is more consistent with the alleged injury in August of that year changing a tire at North Carolina A T University that is not the subject of the instant claim.
6. After he began seeing Dr. Dalldorf, plaintiff continued regularly working for defendant-employer until September of 1995 when he voluntarily left its employ. That same month he filed a Form 18 Notice of Accident and Claim with the Industrial Commission and the defendant-employer regarding the alleged injury of May 27, 1994. This was the first notice defendant-employer had that plaintiff was claiming to have injured his back at work. Plaintiff had previously denied injuring his back at work.
7. Assuming arguendo that plaintiff injured his back at work on May 27, 1994 when he slipped picking up a truck tire, plaintiff specifically denied that his back problems were work-related when defendant-employer asked him about the medical bills that defendant-employer was receiving from Wesley Long Hospital. At that time, plaintiff told defendant-employer that his back problems were the result of an injury that occurred at home while plaintiff was putting an engine in his car. The first notice that defendant-employer had that plaintiff was claiming a work-related back injury was not until September of 1995 when plaintiff filed his Form 18. Plaintiff has not offered a reasonable excuse for his delay in notifying defendant-employer of the alleged injury.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On May 27, 1994 plaintiff did not sustain an injury by accident arising out of and in the course of his employment resulting in the back injury giving rise hereto but rather sustained the same injury putting an engine in his car at home. N.C.G.S. 97-2 (6).
2. Plaintiff's testimony and other evidence, which, if believed, would tend to establish that plaintiff sustained a compensable back injury on May 27, 1994 is not accepted as credible. Sanders v. Broyhill Furniture Industries, 124 N.C. 637, [124 N.C. App. 637] 478 S.E.2d 223 (1996).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own cost of this appeal.
This is the _____ day of August, 1997.
 S/ ____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER