The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The undersigned recognize the general proposition that witness credibility may be best judged by a first-hand observer.Pollard v. Krispy Waffle, 63 N.C. App. 354, 304 S.E.2d 762, (1983). In this case, however, after considering all the evidence of record, as well as taking into account the first-hand observations of the Deputy Commissioner, the Full Commission finds that compelling reasons exist to overturn the credibility determination at the hearing level. N.C.G.S. 97-85; Sanders v.Broyhill Furniture Industries, 124 N.C. App. 637, 478 S.E.2d 223
(1996).
Plaintiff was the only witness to testify at the hearing. His testimony, if believed, clearly describes a compensable injury by accident arising out of and in the course of his employment with defendant-employer. The Deputy Commissioner appears to have disbelieved plaintiff primarily based upon two factors: several medical records which show that plaintiff reported prior back problems and a possible back injury due to moving furniture; and the deposition testimony of defendant-employer's co-owners, Tony and Frank Franzese. The Full Commission, after its own examination and careful evaluation of this evidence, finds that the testimony presented by the Franzese brothers tends to show that neither could disprove that the accident occurred but that each was unable to recall the incident of October 20, 1993 or whether plaintiff had reported it to him; that plaintiff had not missed any time from work due to back problems prior to the date of the accident; and that plaintiff had worked for defendant-employer for thirteen years and was a truthful and reliable employee.
Having reconsidered the entirety of the evidence of record, the Full Commission reverses the holding of the Deputy Commissioner and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are properly before the Industrial Commission and are subject to the provisions of the North Carolina Workers' Compensation Act.
2. At the time of the alleged accident on October 20, 1993, an employment relationship existed between plaintiff and defendant-employer.
3. The insurance carrier on the risk at the time of the alleged incident was Allstate Insurance Company.
4. On October 20, 1993, plaintiff earned an average weekly wage of $247.50.
5. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
6. Plaintiff's recorded statement of January 7, 1994 is admitted as Stipulated Exhibit #1.
7. All of plaintiff's medical records are admitted into evidence as Stipulated Exhibit #2.
8. Plaintiff's Answers to Defendant's First Set of Interrogatories to plaintiff are stipulated into evidence.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On October 20, 1993, plaintiff was employed by defendant as a pizza maker. His duties included making pizza dough and cooking pizza. Plaintiff had been employed by defendant since 1984.
2. On October 20, 1993, plaintiff sustained an injury by accident which arose out of and in the course of his employment when he bent from the waist to put pizza dough into a tray and slid the tray into a case, which required the rotation of the trunk of his body. While making this motion, plaintiff felt a numbness and tingling in his right leg.
3. This numbness and tingling continued, and plaintiff sought treatment later that day from Onslow Doctors Care, where he was examined by Dr. Thomas J. Mearns. Dr. Mearns determined that plaintiff was unable to return to work.
4. On October 29, 1993, plaintiff saw Dr. Ralph J. DiFiore at Onslow Orthopaedics. Plaintiff's examination was compatible with sciatica secondary to a herniated disk. Dr. DiFiore suggested an MRI or CT scan for further evaluation.
5. Subsequently, plaintiff returned to his home town of Cedar Rapids, Iowa, where he sought the treatment of Dr. Chad Abernathy. Dr. Abernathy had an MRI performed, which revealed an L5-S1 disk herniation. On December 21, 1993, Dr. Abernathy performed a right L5-S1 partial hemilaminectomy and diskectomy, removing a large free fragment of disk that had been compressing the S1 nerve root.
6. As a result of the compensable injury of October 20, 1993, plaintiff sustained a disk extrusion at the L5-S1 level, which resulted in nerve root compression and back pain.
7. As a result of the compensable injury of October 20, 1993, plaintiff was incapable of earning wages with defendant-employer or in any other employment from October 21, 1993 through February 15, 1994, when he returned to work for defendant-employer earning the same or greater wages than he earned at the time of the compensable injury.
8. As a result of the compensable injury of October 20, 1993, plaintiff sustained a 10% permanent partial disability of his back.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On October 20, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained a specific traumatic incident of the work assigned. N.C.G.S. 97-2 (6).
2. As a result of his compensable injury on October 20, 1993, plaintiff was temporarily totally disabled and was entitled to receive temporary total disability compensation at the rate of $165.00 per week for the period from October 21, 1993 through February 15, 1994. N.C.G.S. 97-29.
3. As a result of his compensable injury on October 20, 1993, plaintiff has a 10% permanent partial disability of his back, for which plaintiff is entitled to compensation at the rate of $165.00 per week for a period of 30 weeks. N.C.G.S. 97-31.\
4. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury of October 20, 1993. N.C.G.S. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. For his temporary total disability, plaintiff is entitled to temporary total disability compensation at the rate of $165.00 per week for the period from October 21, 1993 through February 15, 1994. This amount has accrued and shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in Paragraph 4.
2. For his 10% permanent partial disability of his back, defendants shall pay to plaintiff permanent partial disability compensation at the rate of $165.00 per week for a period of 30 weeks. This amount has accrued and shall be paid to plaintiff in a lump sum, subject to the attorney fee approved in Paragraph 4.
3. Defendants shall pay all medical expenses resulting from plaintiff's compensable injury of October 20, 1993.
4. A reasonable attorney fee of 25% of the compensation due plaintiff under paragraphs one and two of this AWARD is approved for plaintiff's counsel.
5. Defendants shall pay the costs of this appeal.
This is the ____ day of September, 1997.
 S/ ____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER