I respectfully dissent from the majority decision to reverse Deputy Commissioner William C. Bost's Opinion and Award in the instant matter on the grounds that the deputy commissioner correctly analyzed plaintiff's credibility and the competent evidence in this case, applied the appropriate law, and came to the conclusion mandated by the evidence; that plaintiff did not suffer a work-related injury and is not entitled to compensation.
Deputy Commissioner Bost found plaintiff not to be credible. Deputy Commissioner Bost had the opportunity to observe plaintiff first hand and had a wealth of evidence which clearly questions plaintiff's credibility. The Court of Appeals recently stressed the importance of giving deference to the credibility findings of deputy commissioners:
 While the Commission is entitled to overrule the deputy commissioner's ruling on credibility, its determination cannot be made lightly when the deputy commissioner is the only person who has observed the witnesses. Credibility can be decisive in deciding a party's success or failure. Our holding today recognizes this fact and reinforces the widely held belief that credibility is best judged by those who are present when the record is made.
Sanders v. Broyhill Furniture Industries, 124 N.C. App. 637,478 S.E.2d 223 (1996).
The plaintiff's credibility is especially critical in the instant matter since there were no witnesses to the incident. Still, the majority dismisses Deputy Commissioner Bost's credibility findings and ignores the testimony of four disinterested witnesses that contradict plaintiff's claims.
One witness testified that plaintiff stated that if the defendants ever hired her, they "would be screwed because (plaintiff) would close the doors on" defendants' place of business. Another disinterested witness testified that plaintiff stated that the present injury occurred at plaintiff's home rather than at work. Plaintiff was also seen limping into work on the morning prior to the time of the alleged injury.
In the less than four weeks that plaintiff worked for defendants, she alleged three separate work-related injuries for which she claimed she required medical attention. Doctors would not keep her out of work until the third and instant claim; when plaintiff allegedly stepped in a dip in the defendants' floor and injured her ankle. Plaintiff presented no witnesses who saw her fall and she did not report the alleged accident until the day after it allegedly occurred.
Because the compensability of the instant matter is completely dependent upon the plaintiff's honesty as to the alleged incident, and because Deputy Commissioner Bost was the only one with the opportunity to observe plaintiff and judge plaintiff's credibility, I would affirm the Deputy Commissioner. For the foregoing reasons, I respectfully dissent.
This is the 15th of September 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER