I respectfully dissent from the majority decision to reverse Deputy Commissioner Richard B. Ford's Opinion and Award in the instant matter on the grounds that the deputy commissioner correctly analyzed plaintiff's credibility and the competent evidence in this case, applied the appropriate law, and came to the conclusion mandated by the evidence; that plaintiff failed to meet the Statute of Limitations pursuant to N.C. Gen. Stat. §97-47 and is thus barred from reopening her claim due to an alleged change in condition, and assuming arguendo that her claim was not barred, plaintiff has failed to demonstrate by the greater weight of the evidence that she has experienced a change of condition.
Plaintiff received compensation for a work-related injury. On 1 September 1993 defendants sent plaintiff a check for compensation for a permanent partial disability rating to her back which plaintiff cashed on or about 9 September 1993. On 15 October 1993, a Form 28B, which serves to give notice to a claimant of the compensation paid due to a work-related claim and to give notice to the parties that the claim is being closed, was sent to the Industrial Commission and all the evidence shows that a copy was sent to plaintiff. Plaintiff claims she never received a Form 28B and was thus not given notice that her claim was closed.
However, Deputy Commissioner Ford specifically found plaintiff not to be credible. Deputy Commissioner Ford had the opportunity to hear plaintiff testify and had evidence which clearly questions plaintiff's credibility, including plaintiff's own testimony. The Court of Appeals recently stressed the importance of giving deference to the credibility findings of deputy commissioners:
 While the Commission is entitled to overrule the deputy commissioner's ruling on credibility, its determination cannot be made lightly when the deputy commissioner is the only person who has observed the witnesses. Credibility can be decisive in deciding a party's success or failure. Our holding today recognizes this fact and reinforces the widely held belief that credibility is best judged by those who are present when the record is made.
Sanders v. Broyhill Furniture Industries, 124 N.C. App. 637,478 S.E.2d 223 (1996).
The plaintiff's credibility is especially critical in the instant matter since the defendants would have been estopped from pleading the Statute of Limitations had the Deputy Commissioner found plaintiff to be credible. The Form 28B filed with the Industrial Commission clearly shows "cc: Claimant" and defendants testify that the form was mailed to the same address as the twenty compensation checks which plaintiff received without difficulty and cashed. While plaintiff initially testified that she had all of the workers' compensation forms which were mailed to her filed in one location in her home, she later testified that she had misplaced or thrown away several of the related forms and actually had only one related form which had been sent to her.
Further, the Statute of Limitations began running when plaintiff cashed her final disability check, as the time limit runs from the time of acceptance of the final payment, not the filing of the Form 28B. For the purposes of N.C. Gen. Stat. §97-47, "the statutory two-year period for filing a claim for a change of condition begins at the time final payment is accepted, not when I.C. Form 28B is filed." Hill v. Hanes Corp., 79 N.C. App. 67, 339 S.E.2d 1 (1986), aff'd in part, rev'd in part,319 N.C. 167, 353 S.E.2d 392 (1987).
The Deputy Commissioner was clearly correct in ruling that plaintiff's claim is barred. Even assuming that plaintiff is not barred by the Statute of Limitations, the Deputy Commissioner found as fact that plaintiff failed to demonstrate by the greater weight of the evidence that she experienced a change of condition. For the foregoing reasons, I would affirm the Deputy Commissioner. I respectfully dissent.
This is the 29th of September 1997.
 S/ _____________________ DIANNE C. SELLERS COMMISSIONER