The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the majority reach the same facts and conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
***********
The lengthy dissent in this case compels the majority to write a brief response. None of the medical records from Coastal Medical Center, from Dr. Bertics, nor from Dr. Hurwitz show objective manifestations of the alleged accident plaintiff describes. The compensability of this case, therefore, largely turns on the credibility of the lay witnesses. Regarding credibility determinations made by the Industrial Commission, the Court of Appeals writes, in Sanders v. Broyhill FurnitureIndustries, 124 N.C. App. 637, 639, 478 S.E.2d 223, 225 (1996): ". . . we believe that when the Commission reviews a deputy commissioner's credibility determination on a cold record and reverses it without considering that the hearing officer may have been in a better position to make such an observation, it has committed a manifest abuse of discretion." The dissent indicates no such consideration and the majority declines to overturn the credibility determinations made by the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times the employment relationship existed between plaintiff and defendant-employer.
3. The employer is self-insured for purposes of workers' compensation coverage.
4. The issue before the Commission is whether the plaintiff sustained a compensable injury by accident on or about October 27, 1994, and if so, the compensable consequences.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a male born on February 19, 1947. Prior to working in the Food Lion Store No. 669, plaintiff was the manager of the Food Lion Store in Smithfield. He then transferred to Store 669 in Rolesville where he was working as an assistant manager.
2. When plaintiff first went to work at the Rolesville Food Lion, Dennis Jones was the store manager. While plaintiff was working there, and as of the date of plaintiff's alleged injury by accident, Bill Scales had become the manager.
3. Plaintiff testified that on October 26, 1994 he went into a back room and was sorting through some damaged items and cleaning up near a baler. Plaintiff claims that two metal rails, which each weighed 50 to 60 pounds, were leaning up against the wall, and that as he was kneeling to clean up these damaged items, one of these rails fell and struck him in the head, knocking him unconscious for a brief period of time. Plaintiff testified that subsequent to this incident he developed headaches and memory problems.
4. Prior to plaintiff's arrival in the store on October 26, 1994, two other employees, Debbie Jones and Earl Hayes, had been working in the back room cleaning up the damaged goods. Earl Hayes had stored the two metal rails in question behind a metal ladder that is attached to the cinder block wall. In this position, the rail could not have fallen as plaintiff described.
5. On the afternoon of October 26, 1994, around 3 p.m., Debbie Jones, the customer service manager, was in the office at the front of the store. Plaintiff came by the office and asked if Jones had any aspirin, and told her he had a headache, and that something had hit him in the head. Plaintiff asked Debbie Jones to look at his head to see if it was bleeding, which she did. Ms. Jones saw no redness, no bruising, no swelling, no bleeding, and no sign of injury.
6. Right after this, Debbie Jones went to Hardees and got coffee and returned to the break room. Plaintiff came back to the break room and was laughing and talking with Debbie Jones, and telling her about his vacation which he took the previous week. He did not appear to be in distress.
7. At the end of the day on October 26, 1994, the metal rails were still behind the metal ladder where they had been that morning. The next day, plaintiff reported to Bill Scales that a metal rail had struck him in the head. When Mr. Scales went to the back, he also noted that the metal rails were behind the ladder, as they had been the day before.
8. On October 27, 1994 plaintiff went to Coastal Medical Center, where he complained that a rail had fallen on his head. When he was examined, there were no apparent signs of physical injury. There was no bruising or abrasion on his scalp and no swelling. His complaints of headaches, and neck tenderness were subjective complaints which could not be objectively verified. A subsequent CT of the head and MRI of the cervical spine were both normal.
9. Plaintiff was examined by Dr. Gregory Bertics, of Capital Neurology on November 4, 1994. Dr. Bertics found no objective evidence of an injury to the plaintiff's head or neck. Dr. Bertics' examination was unremarkable, and the only thing he had to base his assessment on was the history given to him by the plaintiff.
10. The headaches and memory loss were not complaints which could be objectively verified by a physician. When plaintiff was seen by Dr. Bertics, he described cluster-like headaches, which are not the typical kind of migraine headache that develops after a head injury. Cluster headaches tend to occur in men over the age of forty and are not necessarily related to head injuries. Later, when plaintiff was examined on March 20, 1995 by Dr. Barrie Hurwitz, plaintiff described more of a tension-type headache.
11. During the examination of plaintiff on March 20, 1995, Dr. Hurwitz noted no visible signs of injury. His physical examination of plaintiff showed no significant findings. Plaintiff's mental status was normal and his memory was intact. Dr. Hurwitz thought that plaintiff's headaches were probably related to stress and tension. Dr. Hurwitz found no evidence of physical limitations that would have prevented the plaintiff from working and no evidence of permanent neurological injury.
12. The greater weight of the credible evidence shows that the accident as described by plaintiff did not occur. The metal railings had been secured behind the metal ladder before plaintiff reported to work on October 26, 1994 and could not have fallen and struck plaintiff on the head. Although plaintiff claims the blow was so severe that it knocked him unconscious, there were no signs of physical injury to plaintiff immediately after he alleges this occurred.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that on or about October 26, 1994 he sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2.
***********
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall pay its own costs, except that defendant shall pay the costs of the expert witness testimony as previously assessed, and an additional expert witness fee of $225 to Dr. Bertics. Defendant shall also be responsible for the cost of the taking and transcription of the original for the depositions of Dr. Bertics and Dr. Hurwitz.
This is the ____ day of January, 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER