The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments on appeal. The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award.
 ************** RULING ON MOTION
Before the Full Commission plaintiff made a Motion to Receive Additional Evidence relating to medical treatment he received following his relocation to Georgia. The Full Commission finds that plaintiff has failed to show good ground in support of his Motion and therefore, Plaintiff's Motion is DENIED.
 **************
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in an Industrial Commission Form 21 Agreement for Compensation, approved 11 April 1996, in a Pre-Trial Agreement and at the hearing on 7 November 1996 as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Liberty Mutual Insurance Company was the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on 16 September 1995 as a result of which the parties entered into a Form 21 Agreement for Compensation.
5. Plaintiff's average weekly wage was $625.00, which yields a compensation rate of $416.69 per week.
6. The issues for determination are:
 a. Whether plaintiff is entitled to additional medical treatment as the result of the admittedly compensable injury;
 b. Whether plaintiff is entitled to additional temporary total disability compensation as the result of the admittedly compensable injury.
7. The parties also stipulated thirty-five pages of medical reports and a 4 January 1996 letter from defendants, marked as Stipulated Exhibit (1), into the record.
 ****************
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was a 36 year old male who was a high school graduate and who had completed two years of junior college, receiving a business degree. Plaintiff had been employed by defendant-employer as a truck driver since 25 March 1994.
2. On 15 September 1995, plaintiff sustained an admittedly compensable injury by accident when he slipped and fell from his tractor trailer truck, falling approximately four feet and landing on his back on concrete. In addition to his back injury, plaintiff also injured his right hand in the fall.
3. Plaintiff was initially treated by Dr. E. Neal Powell, an orthopaedist with Rock Hill Orthopaedic Clinic, from 18 September 1995 through 20 February 1996. Dr. Powell diagnosed plaintiff has having sustained a low back strain and a probable fracture of the metacarpal joint in his right ring finger. Plaintiff was next referred to Catawba Rehabilitation Services, where he received physical therapy until 22 December 1995. On 26 December 1995, Dr. Powell released plaintiff to return to his regular duties at plaintiff's request.
4. On 3 January 1996, plaintiff drove from his home in York, South Carolina, to the employer's location in Charlotte, North Carolina. When he arrived at work, plaintiff was experiencing severe low back pain to such an extent that he was physically unable to perform the duties of his truck driver position. Due to his pain and being unable to perform his duties, plaintiff left work after four hours.
5. Plaintiff's inability to perform his duties on 3 January 1996 was directly related to his compensable injury of 15 September 1995. His former position as a tractor trailer truck driver was not a suitable position given his physical condition.
6. On 4 January 1996, plaintiff received a letter from the defendant-employer informing him that if he did not return to work within 72 hours he would be terminated. Defendant-employer subsequently terminated plaintiff due to his failure to return to work.
7. Following his failed attempt to return to work, plaintiff was examined by Dr. Powell on 9 January 1996. Dr. Powell again removed plaintiff from work and recommended an MRI. The MRI scan revealed degenerative changes but no evidence of disc herniation. On 23 January 1996, Dr. Powell referred plaintiff to a spine specialist, Dr. Brigham at The Miller Orthopaedic Clinic.
8. On 7 February 1996, defendants referred plaintiff to an orthopaedic specialist, Dr. David M. Dupuy, who administered epidural injections to plaintiff. Plaintiff's condition did not improve with the injections, so Dr. Dupuy recommended that he enter a pain management program. However, defendants did not approve of the pain management program.
9. Despite defendants' refusal to provide the treatment he recommended, Dr. Dupuy found that plaintiff had reached maximum medical improvement on 3 April 1996 and assigned a 3% permanent partial disability rating to his back. As of 3 April 1996, Dr. Dupuy opined that plaintiff was unable to return to work as a truck driver. However, Dr. Dupuy released plaintiff to full duty on 30 April 1996.
10. Plaintiff then requested a second opinion and was referred to Dr. Richard C. Avioli, an orthopaedic specialists in Gastonia. On 1 May 1996, Dr. Avioli examined plaintiff and found that he had not reached maximum medical improvement and ordered a CT myelogram, which revealed nothing substantial.
11. On 7 August 1996, Dr. Avioli noted that plaintiff was experiencing continued mechanical low back problems and recommended a formal back rehabilitation program. Dr. Avioli opined that plaintiff was unable to return to former position with defendant-employer as of that date. Subsequently, plaintiff relocated to Atlanta, Georgia.
12. The opinions of Dr. Dupuy regarding whether plaintiff had reached maximum medical improvement and was able to return to work were given after defendants refused to provide the treatment he had recommended. However, his opinions were offered despite having not retracted his earlier recommendation that plaintiff enter a pain management program. Therefore, The Full Commission places greater weight on the medical opinions of Dr. Avioli regarding whether plaintiff had reached maximum medical improvement and was able to return to work than those of Dr. Dupuy.
13. Plaintiff testified at his hearing that his back condition had not improved since the date of his accident. He also testified that he continued to experience debilitating back pain. His testimony was corroborated by plaintiff's wife who testified that she noticed him in constant pain and that he was unable to perform physical activities that he had previously been able to perform. Both plaintiff and plaintiff's wife testified that plaintiff had not suffered from back problems before 15 September 1995. In the prior Opinion and Award, the Deputy Commission did not make any explicit findings regarding the credibility of plaintiff or his wife. Nonetheless, the Full Commission finds plaintiff's testimony, and that of his wife, to be credible.
14. Since 7 August 1996, defendants have not provided medical treatment to plaintiff and have not offered plaintiff any suitable positions or any assistance in locating suitable work. Further, defendants have failed to offer sufficient evidence from which the Full Commission could find that plaintiff has the ability to earn the same or similar wages as he earned in his former employment or at any other employment.
15. As the result of his injury by accident on 15 September 1995, plaintiff has been unable to earn wages in his former position with defendants or in any other position from that date through the present and continuing.
16. Plaintiff has not reached maximum medical improvement and would benefit from continued medical treatment.
 *****************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 15 September 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, which defendants accepted as compensable through the filing of a Form 21 Agreement for Compensation which was approved by the Commission on 11 April 1996. G.S. § 97-2(6).
2. The Form 21 Agreement for Compensation created a presumption of continued disability in plaintiff's favor. Kisiahv. W.R. Kisiah Plumbing, 124 N.C. App. 72 (1996); G.S. § 97-29. Plaintiff's unsuccessful one day attempt to return to work did not end this presumption and defendants have failed to rebut it otherwise. Id.
3. Absent a definitive, versus an implicit, finding by the Deputy Commissioner on the credibility of witnesses, the Full Commission is not required to address its reasoning for its credibility findings. Sanders v. Broyhill Furniture Industries,124 N.C. App. 637, 478 S.E.2d 223 (1996).
4. As the result of his 15 September 1995 injury by accident, plaintiff is entitled to have defendants pay temporary total disability compensation at the rate of $416.69 per week for the period of 3 January 1996 through the present and continuing until plaintiff returns to work or until further order of the Commission. G.S. § 97-29.
Defendants are entitled to a credit for any payments previously made for this period. Id.
5. As the result of his 15 September 1995 injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses. G.S. § 97-25; G.S. § 97-25.1.
 ****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at a rate of $416.69 per week for the period of 3 January 1996 through the present and continuing until plaintiff returns to work or until further order of the Commission. This compensation is subject to the attorney's fee approved herein and to a credit for defendants for any payments previously made for this period. Such amounts that have accrued shall be paid to plaintiff in a lump sum.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident given rise hereto.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff above is approved for counsel for plaintiff. From the amounts having accrued, the fee shall be deducted and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check payable to plaintiff thereafter.
4. Defendants shall pay the costs, including the expert witness fees of:
$240.00 to Dr. David Dupuy;
$240.00 to Dr. E. Neal Powell; and,
$240.00 to Dr. Richard Avioli.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER