The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts as those reached by the Deputy Commissioner, with some modification but modifies the conclusions and holding of the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the Industrial Commission has jurisdiction to determine plaintiff's claim.
2. Plaintiff alleges an injury by accident arising out of and in the course of his employment on 12 March 1996.
3. AETNA Casualty Surety Company is the carrier on the risk.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff who was forty-three years of age at the time of the hearing before the Deputy Commissioner began his employment with Giles Chemical Corporation in Gulfport, Mississippi in 1993. Due to corporate restructuring and the possibility of being laid off, plaintiff transferred to the employer's Waynesville plant in June 1995.
2. Plaintiff worked in the Maintenance Department at the employer's Waynesville facility. He was required to lift up to 100 pounds occasionally, climb ladders, move pumps and hoses and perform other general maintenance activities.
3. Prior to his employment with Giles Chemical Corporation, plaintiff sustained a work-related low back injury while working at a golf course in Mississippi that resulted in a bilateral fusion procedure at L5-S1. Plaintiff was fully compensated for this injury.
4. On 12 March 1996, plaintiff slipped and fell at work while dragging a hose. Plaintiff continued to work after the incident because he thought he had only sustained a pulled muscle and that the pain would work itself out. Subsequently, he sought treatment at Haywood County Hospital on 18 March 1996 for complaints of low back pain and was referred for physical therapy for treatment of low back strain. Plaintiff was placed on light duty with restrictions, but he continued to do his regularly assigned duties. Plaintiff last worked for the defendant-employer on 25 March 1996.
5. On 28 March 1996, plaintiff underwent a functional capacity evaluation. The results of that evaluation revealed several episodes of inconsistent test behavior characteristic of symptom magnification. Despite these deficiencies, the functional capacity evaluation further showed that plaintiff demonstrated the ability to perform at a light-medium physical demand level of work.
6. On 4 April 1996, plaintiff underwent a lumbar MRI, with and without contrast, the results of which showed no evidence of acute traumatic abnormality or disk herniation.
7. On 30 April 1996, plaintiff presented to Dr. Lary A. Schulhof, a neurosurgeon in Asheville, North Carolina, reporting a chief complaint of low back pain. A neurological examination at that time revealed no motor weakness, no sensory deficits, normal reflexes except for three plus knee jerks, normal gait, negative straight leg raising, negative cross straight leg raising and negative popliteal and foraminal compression tests. Plaintiff did have decreased range of back motion with complaints of pain and flattening of the lordotic curve. Dr. Schulhof ordered lateral flexion-extension films to ensure that plaintiff's previous fusion remained solid. While flexion-extension x-rays suggested slippage, Dr. Schulhof reviewed the films and felt that this finding was due to photographic technique, particularly inasmuch as plaintiff underwent a bone scan that was reported as normal. The bone scan is a more reliable test procedure for determining whether a fracture of the fusion existed.
8. Plaintiff reported to Dr. Schulhof that work activity of any significant nature aggravated his pain and that he did not feel that he could perform the duties of his employment with Giles Chemical Corporation. Furthermore, in the examining room plaintiff displayed difficulty standing up straight and sitting on and getting off the examining table. In contrast to the behavior exhibited in Dr. Schulhof's office, a video surveillance taken on 11 May 1996 and 17 May 1996, approximately two weeks after Dr. Schulhof's initial examination, captured the plaintiff working in the trunk of a vehicle for an extended period of time, during which he worked bent over for much of the time without leaning on anything. In addition, when he came out of the trunk, he only briefly put his hands toward his back, but he never touched his back in any supportive type manner. Moreover, he crouched bending over fixing something on a car door for an extended period of time. Plaintiff also sat cross-legged at the car door for an extended period of time looking from side to side and underneath the door. After a lengthy period of sitting, he got up and immediately stood straight up, seemingly without any problems or discomfort. According to the medical evidence, all of these activities should have been difficult for plaintiff to perform if his degree of pain and self-acknowledged limitations were accurate.
9. Plaintiff's slip and fall on 12 March 1996 constitutes an interruption of his regular work routine with the introduction of unusual circumstances likely to result in unexpected consequences.
10. As result of the injury by accident on 12 March 1996, plaintiff sustained a strain of the lumbar spine super-imposed on a pre-existing L5-S1 fusion.
11. In view of plaintiff's demeanor at the hearing before the Deputy Commissioner, his symptom magnification documented during the FCE, his recorded activities on 11 May and 17 May 1996, and the absence of any clear objective findings to explain the cause of his pain, plaintiff's evidence concerning the degree of pain and his inability to perform his job duties was not accepted as credible by the Deputy Commissioner. While the evidence does establish that he sustained some degree of pain due to his 12 March 1996 accident, the credible evidence of record fails to establish that it was of a degree sufficient to affect his wage earning capacity. The Full Commission declines to overrule the credibility finding of the Deputy Commissioner.
12. The medical evidence shows that the plaintiff's condition had not changed between 7 May 1996 and 4 September 1996. Additionally, Dr. Schulhof stated that after viewing the videotape of plaintiff's activities, he was of the opinion that plaintiff had reached maximum medical improvement on or about 17 May 1996. The Full Commission finds that the plaintiff reached the end of the healing period by at least 17 May 1996. Further, the Full Commission finds that the plaintiff did not sustain any increase of permanent partial impairment of his back as a result of the compensable 12 March 1996 injury by accident.
13. The medical evidence shows that plaintiff's job with the defendant-employer was not suitable for plaintiff as a result of his prior back fusion and not as result of plaintiff's compensable injury on 12 March 1996.
14. Although plaintiff was released by Dr. Schulhof to return to work on 20 June 1996, plaintiff's compensation, pursuant to a Form 63, Payment without Prejudice, was terminated on 10 June 1996 by the defendants.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 12 March 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment when he slipped and fell. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury by accident of 12 March 1996, plaintiff was not rendered disabled, and he obtained the end of the healing period by at least 17 May 1996 and did not sustain any increased permanent partial disability. N.C. Gen. Stat. §§97-2 (9); 97-29; 97-30; 97-31; Hilliard v. Apex CabinetCo., 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). It is plaintiff's burden of proof to establish the nature and extent of his disability.
3. It is well established that the Industrial Commission is the sole judge of credibility and weight to be given the testimony at hearing, and may accept or reject any or all of the testimony of a witness. Blalock v. Roberts Co., 12 N.C. App. 499,183 S.E.2d 827 (1971). Although the Full Commission has the power to review determinations made by their Deputy Commissioners on the credibility of witnesses, the hearing officer is the best judge of the credibility of witnesses because he is the firsthand observer of the witnesses whose testimony must be weighed and then accepted or rejected. Sanders v. Broyhill FurnitureIndustries, 124 N.C. App. 637, 478 S.E.2d 223 (1996). Plaintiff's evidence, including his testimony alleging an increased permanent partial disability as a result of his injury, was not accepted as credible by the Deputy Commissioner. The Full Commission accepts the credibility finding of the Deputy Commissioner in this case.
4. The evidence fails to establish that plaintiff's current disability, if any, is the result of the incident which occurred on 12 March 1996. N.C. Gen. Stat. § 97-2(6).
5. Plaintiff is entitled to medical compensation for medical expenses causally related to his injury of 12 March 1996.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for disability compensation must be and the same hereby is DENIED.
2. Plaintiff is entitled to reimbursement of medical expenses causally related to the accident of 12 March 1996 when bills for the same have been approved as by law provided.
3. Defendant shall pay the costs.
This the ___ day of November 1998.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ RENEE RIGGSBEE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/jth