TAYLOR v. CALDWELL SYSTEMS, INC.

[127 N.C. App. 542 (1997)]

(I.C. No. 107316) GLENN RAY TAYLOR, Employee, Plaintiff-Appellee, CALDWELL SYSTEMS, INC., Employer, LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants; AND/OR (I.C. No. 260953) AUTUMN HOUSE, Employer, Defendant; AND/OR SELF-INSURED (AEGIS ADMINISTRATIVE SERVICES, ADJUSTING AGENCY), Carrier, Defendant; AND/OR CIGNA INSURANCE COMPANY, Carrier, Defendant; (Now, all dismissed as Defendants) AND/OR (I.C. No. 260956) DAVIS WOOD PRODUCTS, Employer, RELIANCE INSURANCE COMPANY, Carrier, Defendants-Appellants; AND/OR SELF-INSURED (AEGIS ADMINISTRATIVE SERVICES, ADJUSTING AGENCY), Carrier, Defendant-Appellant

No. COA96-763

(Filed 21 October 1997)

**Workers' Compensation § 414 (NCI4th)— Industrial Commission—reversal of deputy commissioner—cold record—no reference to credibility of witnesses—abuse of discretion**

The Industrial Commission abused its discretion by reversing a deputy commissioner on a cold record without making any reference to the credibility of witnesses and in no way demonstrating due consideration to the general rule that the hearing officer, as a firsthand observer, is the best judge of the credibility of witnesses.

Appeal by defendants Caldwell Systems, Inc., Liberty Mutual Insurance Company, Davis Wood Products, Reliance Insurance Company and Aegis Administrative Services from opinion and award filed 16 February 1996 by the Full Industrial Commission. Heard in the Court of Appeals 18 August 1997.

Plaintiff was employed by defendant Caldwell Systems, Inc. (Caldwell), a hazardous waste storage and incineration facility, from 12 August 1981 to 15 December 1985. Initially, plaintiff was hired as a "sludge worker." His duties included pouring toxic sludge waste from one drum to another, cleaning tanks, shoveling or throwing toxic wastes into the resin tank, pumping wastes out of drums or tankers and cleaning out various holding tanks.

Prior to the institution of a safety program in late 1983 or early 1984, plaintiff and other employees experienced severe headaches, nausea, vomiting, rashes, light headedness and watery eyes. Throughout the workday, toxic waste material splashed or spilled on plaintiff's skin and clothing while he performed the duties of his

employment. Plaintiff and other employees also breathed noxious fumes that permeated the hazardous waste facility.

In September 1983, plaintiff was involved in a major accident while working at Caldwell. The entire contents of a 55-gallon drum of styrene fell and poured over plaintiff's shirtless body. The gluey styrene stuck to plaintiff's skin, causing him to feel burning all over his body and to have difficulty breathing. Plaintiff screamed in pain and eventually lost consciousness. Plaintiff was treated at the emergency room, released and, later the same day, after experiencing a seizure-like episode, was readmitted and hospitalized for several days.

Plaintiff continued working at Caldwell until 15 December 1985, when he was terminated. On 9 May 1989, plaintiff began working as a press operator for Davis Wood Products, a manufacturer of molded plywood for the furniture industry. Plaintiff was unable to perform the job of press operator satisfactorily and was transferred after four to five weeks to work in "clean up." As part of the job, plaintiff visited the glue room three or four times a day. During the last three months of his employment at Davis Wood Products, he worked continually in the glue room, where he was exposed to irritating fumes from urea formaldehyde glue. Plaintiff was terminated by Davis Wood Products on 30 April 1990.

Plaintiff contends that he suffers from progressive chronic toxic encephalopathy, a neurological disorder, that began as a result of his extensive exposure to toxic chemicals at Caldwell and that became worse as a result of his exposure to chemicals at Davis Wood Products. He further contends that he suffers from post-traumatic-stress disorder as a result of the September 1983 accident at Caldwell in which a drum of styrene spilled on him.

Plaintiff filed a claim for workers' compensation benefits, and the case was first heard before Deputy Commissioner Morgan S. Chapman on 24 and 25 June 1992 with Caldwell and Liberty Mutual Insurance Company as named defendants. Autumn House and Davis Wood Products were subsequently added as defendants and a second hearing was held on 17 and 18 March 1993.

The record in this case includes opinions from five doctors, who gave varying assessments of plaintiff's condition as to chronic toxic encephalopathy and post-traumatic-stress disorder.

On 27 June 1994, Deputy Commissioner Chapman issued an opinion and award concluding that plaintiff had not proven that he developed an occupational disease and denying benefits under the Workers' Compensation Act. Plaintiff appealed to the Full Commission.

On 16 February 1996, the Industrial Commission filed an opinion and award reversing the Deputy Commissioner and concluding that plaintiff had been totally disabled from the occupational diseases chronic toxic encephalopathy and post-traumatic-stress disorder since July 1990. The Commission further concluded that the diseases were caused by exposure to chemicals and fumes at Caldwell and that plaintiff was last injuriously exposed to the hazards of such diseases while working for defendant Davis Wood Products from February to April 1990. The Commission concluded that defendant Davis Wood Products is liable for disability and medical compensation awarded to plaintiff.

The Commission also concluded that plaintiff's injury was caused by the willful failure of Caldwell to comply with occupational safety and health standards or regulations promulgated pursuant to the Occupational Safety and Health Act of North Carolina. Pursuant to N.C. Gen. Stat. § 97-12 (1991), the Commission assessed a penalty against Caldwell equal to 10 percent of the compensation awarded. Defendants Caldwell, Liberty Mutual Insurance Company, Davis Wood Products, Reliance Insurance Company and Aegis Administrative Services appeal.

*Patterson, Harkavy & Lawrence, L.L.P., by Donnell Van Noppen III, for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by J.A. Gardner, III, and Jennifer Ingram Mitchell, for defendant appellants Caldwell Systems, Inc., and Liberty Mutual Insurance Company.*

*Orbock Bowden Ruark & Dillard, P.C., by Barbara E. Ruark, for defendant appellants Davis Wood Products and Reliance Insurance Company.*

*Golding Meekins Holden Cosper & Stiles, L.L.P., by Henry C. Bynum, Jr., for defendant appellants Davis Wood Products and Aegis Administrative Services.*

**TAYLOR v. CALDWELL SYSTEMS, INC.**

[127 N.C. App. 542 (1997)]

ARNOLD, Chief Judge.

Upon review of this record, we find that the Industrial Commission improperly reversed the decision of the Deputy Commissioner.

We recognize the well-established rule that the Industrial Commission has authority to review a decision of a Deputy Commissioner and, where appropriate, to amend the opinion and award. N.C. Gen. Stat. § 97-85 (1991). "These powers are 'plenary powers to be exercised in the sound discretion of the Commission' and should not be reviewed on appeal absent a manifest abuse of discretion." *Sanders v. Broyhill Furniture Industries*, 124 N.C. App. 637, 639, 478 S.E.2d 223, 225 (1996) (citation omitted), *disc. review denied*, 346 N.C. 180, 486 S.E.2d 208 (1997). "Ordinarily, the Full Commission is the sole judge of the credibility of witnesses." *Id.* (citations omitted). In cases such as this one, however, where the Full Commission reviews a cold record and does not conduct its own hearing, "this Court has recognized the general rule that 'the hearing officer is the best judge of the credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject.' " *Id.* (citation omitted). "[W]hen the Commission reviews a deputy commissioner's credibility determination on a cold record and reverses it without considering that the hearing officer may have been in a better position to make such an observation, it has committed a manifest abuse of its discretion." *Sanders*, 124 N.C. App. at 639-40, 478 S.E.2d 223, 225. Accordingly, this Court has held that "prior to reversing the deputy commissioner's credibility findings on review of a cold record, the full Commission must . . . demonstrate in its opinion that it considered the applicability of the general rule [that] encourages deference to the hearing officer[,] who is the best judge of credibility." *Sanders*, 124 N.C. App. at 640, 478 S.E.2d 223, 225.

Here, the Full Commission's opinion makes no reference at all to the credibility of witnesses. It in no way demonstrates that the Commission gave due consideration to the general rule that the hearing officer, as a firsthand observer, is the best judge of the credibility of witnesses. In reversing the Deputy Commissioner without addressing these matters, the Commission abused its discretion. For this reason, we reverse the opinion and award of the full Industrial Commission and remand to the Commission for consideration of the Deputy Commissioner's findings of credibility.

Reversed and remanded.

Judges WALKER and SMITH concur.