HOLCOMB v. PEPSI COLA CO.

[128 N.C. App. 323 (1998)]

━━━━━━━━━━

JERRY ALLEN HOLCOMB, EMPLOYEE, PLAINTIFF v. PEPSI COLA CO., EMPLOYER, DEFENDANT; AND LUMBERMENS MUTUAL CASUALTY, CARRIER, DEFENDANT

No. COA97-257

(Filed 6 January 1998)

**Workers' Compensation § 415 (NCI4th)— credibility—findings of deputy commissioner rejected by Commission—Commission's findings inadequate**

The Industrial Commission erred by reversing a deputy commissioner's ruling on credibility on a cold record without first acknowledging that the deputy commissioner was in a better position to judge the credibility of the witness and without making findings revealing the basis for rejecting the deputy commissioner's findings of credibility.

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 18 December 1996. Heard in the Court of Appeals 17 November 1997.

*Smith and Welborn, by Franklin Smith, for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by L. Kristin King, for defendant appellee.*

GREENE, Judge.

Jerry Allen Holcomb (plaintiff) appeals from an Opinion and Award of the North Carolina Industrial Commission (Commission) denying him workers' compensation benefits.

The facts are as follows: On 20 April 1994, the plaintiff suffered a neck strain and shoulder injury as he was carrying five or six cases of canned drinks on a hand truck up a set of stairs. Pepsi Cola Company (defendant) accepted the injuries as compensable under workers' compensation. The plaintiff received medical treatment for his shoulder and neck problems and twenty-six weeks of short term disability pay from August 1994 until mid-February 1995. Dr. James W. Serene (Dr. Serene), a board certified orthopedic surgeon, treated the plaintiff for his injuries and allowed him to return to light duty work on 30 May 1994, and to his regular job with no restrictions on 6 June 1994. On 27 June 1994, the plaintiff returned to Dr. Serene and complained of having aggravated his upper back pain. Dr. Serene again placed the plaintiff on light duty work through 26 July 1994, after which the plaintiff could return to his regular job with no restrictions. The plaintiff's employment was terminated on 6 March 1995. On 13 April 1995, the plaintiff was again treated by Dr. Serene at the request of the defendant. In Dr. Serene's opinion, the plaintiff was at maximum medical improvement and did not have any permanent partial disability.

The plaintiff was also treated by Dr. Jerry Ziglar (Dr. Ziglar), a family medicine doctor, board certified in internal medicine, who released the plaintiff to remain out of work. Dr. Ziglar referred the plaintiff to Dr. Harlan Daubert (Dr. Daubert), a board certified orthopedic surgeon, who examined the plaintiff in October of 1994. In his deposition, Dr. Daubert stated his opinion that the "neck pain began with a direct temporal relationship to a [sic] accident which occurred at work on April 20th of 1994."

The claim was heard by Deputy Commissioner Douglas E. Berger (Deputy Commissioner) on 17 July 1995. The plaintiff and his former supervisor, Jeff McMahon, testified before the Deputy Commissioner. The Deputy Commissioner found as a fact that the "[p]laintiff is a credible and convincing witness as to his account of events [and] [p]laintiff is a credible and convincing witness as to his description of pain to his neck as well as his inability to do heavy lifting as a result of that pain." The Deputy Commissioner awarded the plaintiff temporary total disability compensation and temporary partial disability compensation.

The defendant appealed to the Commission which, based upon the evidence in the record and without witnessing the testimony of the plaintiff, reversed the award of the Deputy Commissioner. The majority of the Commission found that the plaintiff was not "a credible and convincing witness as to his description of pain in his neck and his inability to work as the result of that pain."

---

The dispositive issue is whether the Commission may reverse the Deputy Commissioner's ruling on credibility by simply finding as a fact that it did not find the evidence credible.

The Commission is not required to receive new evidence and may simply decide the case on the record before the Deputy Commissioner. N.C.G.S. § 97-85 (1991). When deciding the case on the record, however, the Commission is required to consider that the Deputy Commissioner is in a better position to judge the credibility of the witnesses. *Sanders v. Broyhill Furniture Industries*, 124 N.C. App. 637, 639-40, 478 S.E.2d 223, 225 (1996), *disc. review denied*, 346 N.C. 180, 486 S.E.2d 208-09 (1997); *Taylor v. Caldwell Systems, Inc.*, 127 N.C. App. 542, 545, 491 S.E.2d 686, 689 (1997). Findings should be entered reflecting that the Commission made this consideration. *Cf. Foy v. Hunter*, 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992) (prior to dismissing action under Rule 8 of the North Carolina Rules of Civil Procedure, the trial court is required to make findings that indicate it has considered less drastic sanctions). Furthermore, when the Commission rejects a credibility determination made by the Deputy Commissioner, it must enter findings "showing why the [D]eputy [C]ommissioner's credibility determination should be rejected." *Sanders*, 124 N.C. App. at 641, 478 S.E.2d at 226.

In this case, the Deputy Commissioner found the plaintiff to be a credible witness after observing and listening to him in the hearing. The Commission, reviewing only the cold record, found that the plaintiff was not a credible and convincing witness. The Commission made no findings revealing that it rejected the Deputy Commissioner's determination of credibility only after first acknowledging that the Deputy Commissioner was in a better position to judge the credibility of the witness. Furthermore, the Commission made no findings revealing the basis for rejecting the Deputy Commissioner's findings of credibility.

Accordingly, the Opinion and Award of the Commission is reversed and remanded to the Commission for the entry of a new

Opinion and Award. The Commission must give due consideration to the credibility determination made by the Deputy Commissioner and enter findings of fact as required by this opinion.

Reversed and remanded.

Chief Judge ARNOLD and Judge McGEE concur.