JAMIE WADKINS HOLLINGSWORTH, Employee, Plaintiff v. CARDINAL CONTAINER SERVICE, Employer, COMPSOURCE, INC., Carrier, Defendants

No. COA97-1437

(Filed 17 November 1998)

**Workers' Compensation— credibility determination—deputy commissioner reversed by full commission—abuse of discretion**

The Industrial Commission abused its discretion in a worker's compensation action when it acknowledged that the deputy commissioner had the ability to observe the witnesses first hand but did not recognize that this makes the deputy commissioner the best judge of credibility and relied only on the printed words before it to reverse what the deputy commissioner had seen and heard with his own eyes and ears and substituted its judgment of credibility for his. The need for the full commission to acknowledge the deputy commissioners' superior position to make findings regarding credibility was especially important in light of the facts in this case, where no one who testified actually saw what happened to a plaintiff who had previously stated that her employer would be "screwed" if she were hired and who reported three separate work-related claims in less than her first four weeks on the job, so that credibility was the single most important issue.

Appeal by defendants from opinion and award entered 25 September 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 August 1998.

HOLLINGSWORTH v. CARDINAL CONTAINER SERV.

[131 N.C. App. 400 (1998)]

*Cranfill, Sumner & Hartzog, L.L.P., by Patrick H. Flanagan and Maranda J. Freeman, for defendants-appellants.*

*C. Roland Krueger for plaintiff-appellee.*

LEWIS, Judge.

In less than four weeks on her job at Cardinal Container Service ("Cardinal"), plaintiff made three separate work-related injury claims. The third of these injuries purportedly occurred on 19 June 1995 when, according to plaintiff, she stepped in a dip in the floor and twisted her left ankle some time before lunch. Working the remainder of her shift that day, plaintiff sought no medical attention at the time but filled out an accident report on 20 June 1995, the next day. The workers' compensation claim arising from this injury came before Deputy Commissioner Bost on 7 November 1996.

Among the findings of fact made by the deputy commissioner were the following. Plaintiff's fiancé was also employed by Cardinal, and prior to her starting work there plaintiff would often drive him to work and pick him up. It was on one of these occasions that plaintiff told the wife of another Cardinal employee that the company would be "screwed" if plaintiff were ever hired there. On 24 May 1995, plaintiff's second day on the job at Cardinal, she claimed to have scratched her ear canal inserting an ear plug; a week after that, she claimed to have hurt her back at work. While attending a company softball game in late May or early June, plaintiff's fiancé told a Cardinal employee and his wife, who had noticed plaintiff limping, that plaintiff had hurt herself when she fell between a bed and a wall at home. On the morning of the injury in question, a Cardinal employee noticed plaintiff limping on her way into work before starting her shift.

Appearing before the deputy commissioner, plaintiff produced no witnesses to her fall of 19 June. After considering plaintiff's testimony and the testimony of plaintiff's family, other Cardinal employees, and an employee of North Carolina Vocational Rehabilitation, the deputy commissioner determined that he was "unable to accept plaintiff's testimony as credible, based on plaintiff's testimony and demeanor and based on other credible testimonial record." As such, plaintiff's claim was denied.

Plaintiff then appealed to the Full Commission, seeking to have the case remanded for the taking of expert medical testimony. Despite this limited request, the Full Commission stated in its opinion

filed 25 September 1997, "The appealing party has shown good ground to reconsider the evidence." Receiving no additional witness testimony and hearing no oral arguments, the Full Commission, with Commissioner Sellers dissenting, then reversed the deputy commissioner's opinion and award. Defendants now appeal to this Court.

We have repeatedly stressed the need of the Full Commission to acknowledge the deputy commissioner's superior position to make findings regarding credibility when the Full Commission is reviewing these findings with only a cold record before it. See Holcomb v. Pepsi Cola Co., 128 N.C. App. 323, 325, 494 S.E.2d 609, 610 (1998); Taylor v. Caldwell Systems, Inc., 127 N.C. App. 542, 545, 491 S.E.2d 686, 689 (1997); Sanders v. Broyhill Furniture Industries, 124 N.C. App. 637, 639-41, 478 S.E.2d 223, 225-26 (1996), disc. review denied, 346 N.C. 180, 486 S.E.2d 208 (1997). This would seem especially important in light of the facts in this case, where no one who testified actually saw what happened to a plaintiff who had previously stated that her employer would be "screwed" if she were hired and who seemingly supported this suggestion by reporting three separate work-related injury claims in less than her first four weeks on the job. Credibility is the single most important issue involved.

When the Full Commission reconsidered the entire evidence on its own initiative, the majority stated in one form or another throughout its opinion and award that it acknowledged "the Deputy Commissioner's first hand observations of the witnesses." This acknowledgment falls short of our requirement that the Full Commission document "that sufficient consideration was paid to the fact that credibility may be *best* judged by a first-hand observer of the witness when that observation was the only one." Sanders, 124 N.C. App. at 641, 478 S.E.2d at 226 (emphasis added). The decision to "overrule the deputy commissioner's ruling on credibility . . . cannot be made lightly when the deputy commissioner is the only person who has observed the witnesses," id. at 640, 478 S.E.2d at 225, and the Full Commission must "demonstrate in its opinion that it considered the applicability of the general rule which *encourages deference to the hearing officer* who is the *best* judge of credibility." Id. (citing Pollard v. Krispy Waffle, 63 N.C. App. 354, 304 S.E.2d 762 (1983)) (emphasis added). To say that the deputy commissioner could observe the witnesses first-hand is one thing; it is quite another to recognize that when a claim hinges entirely upon a plaintiff's honesty and the Full Commission has only a cold record before it, the deputy commissioner's observations are inherently better than any credibil-

ity findings the Full Commission can attempt to make. This is what we read *Sanders* and its progeny to require. To hold otherwise would virtually eliminate the need for a deputy commissioner to make any credibility determinations at all.

To find plaintiff credible despite never observing the testimony of any witness involved in this case, the majority selectively determined in Findings of Fact 15 and 16 which witnesses' testimony should be given weight, addressing only two witnesses in this regard. It acknowledged that the deputy commissioner had the "ability to observe the witnesses first hand," but did not recognize that this makes the deputy commissioner the best judge of credibility. The Full Commission relied only on the printed words before it to reverse what the deputy commissioner had seen and heard with his own eyes and ears, and substituted its judgment of credibility for his. This is a manifest abuse of discretion, and cannot stand on appeal.

In her dissent, Commissioner Sellers states that "the deputy commissioner correctly analyzed plaintiff's credibility and the competent evidence in this case, applied the appropriate law, and came to the conclusion mandated by the evidence; that plaintiff did not suffer a work-related injury and is not entitled to compensation." She goes on to cite *Sanders*, and concludes by stating, "Because the compensability of the instant matter is completely dependent upon the plaintiff's honesty as to the alleged incident, and because Deputy Commissioner Bost was the only one with the opportunity to observe plaintiff and judge plaintiff's credibility, I would affirm the Deputy Commissioner." We agree with Commissioner Sellers that the majority has "dismisse[d]" the deputy commissioner's credibility findings and "ignore[d] the testimony of four disinterested witnesses that contradict[ed] plaintiff's claims." Because the majority of the Full Commission abused its discretion, we reverse and remand the case for a complete evaluation of the deputy commissioner's findings as to credibility.

Reversed and remanded.

Judges MARTIN, John C. and WALKER concur.